[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15307
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00175-CDL

DAVID AARON ROMINE,

Plaintiff-Appellant,

versus

ATHENS CLARKE COUNTY, GEORGIA, et al.,

Defendants,

OFFICER CLINT DIEBALL,
SGT. BRANK,
Oconee County Sheriff's Department Bomb Tech,
OCONEE COUNTY SHERIFF'S DEPARTMENT,
LT. D GREGORY,
University of Georgia Police Department Bomb Tech,
UNIVERSITY OF GEORGIA POLICE DEPARTMENT,
OCONEE COUNTY GEORGIA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 6, 2019)

Before MARCUS, WILSON and BRANCH, Circuit Judges.

PER CURIAM:

David Romine, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. Romine was arrested without a warrant after local authorities discovered substances they believed were precursors to explosives in Romine's apartment. He was held in jail until a grand jury declined to indict him, after which he filed the present suit claiming malicious prosecution. Because Romine did not assert, in his second amended complaint, that he was unconstitutionally seized in relation to his prosecution, the district court concluded that he did not allege viable § 1983 malicious prosecution claims. After thorough review, we affirm.

We review a district court's dismissal for failure to state a claim de novo. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056–57 (11th Cir. 2007). The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. Id. at 1057. To survive a motion to dismiss, a plaintiff's factual allegations must state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plausible claim is one which allows a court to draw reasonable inferences that the defendant is liable for the claims. Id. Pro se pleadings are liberally construed and held to less stringent standards than pleadings

2

drafted by attorneys.  Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).  However, this leniency does not allow courts to serve as de facto counsel or to rewrite pro se pleadings.  Id.

Under § 1983, a state actor may not deprive another of their constitutional rights.  42 U.S.C. § 1983.  A § 1983 claim for malicious prosecution requires the plaintiff to show the elements of the common law tort of malicious prosecution and an unreasonable seizure in violation of the Fourth Amendment.  Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004).  The Fourth Amendment violation must be established via a seizure in relation to the prosecution; a warrantless arrest cannot support a § 1983 malicious prosecution claim without a subsequent warrant, indictment, or arraignment.  Id. at 1235.  This is because, at common law, malicious prosecution was marked "by wrongful institution of legal process."  Wallace v. Kato, 549 U.S. 384, 389–90 (2007) (emphasis in original).  Malicious prosecution requires proving "the want of probable cause."  Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019) (quotation omitted).

Liberally construing Romine's brief, he has preserved for appeal the argument that the district court erred in dismissing his § 1983 malicious prosecution claim against the three officers.  Campbell, 760 F.3d at 1168–69. Nevertheless, the district court did not err in dismissing the claim because Romine failed to plead the necessary elements.  In order to succeed on a § 1983 malicious prosecution claim,

Romine needed to show, among other things, that he was seized following some legal process in violation of the Fourth Amendment. See Kingsland, 382 F.3d at 1235. The relevant complaint reveals that an officer arrested Romine without a warrant, and that he was later released when a grand jury declined to indict him. As a result, Romine was never subjected to a seizure pursuant to a legal process as required for a § 1983 malicious prosecution claim. See id. Moreover, Romine's claim that the arresting officer relied on other officers' false statements to arrest him is irrelevant because it does not change the fact that he was not seized pursuant to a legal process. Accordingly, we conclude that Romine did not plead the necessary constitutional or statutory violation for his malicious prosecution claim and the district court properly dismissed the complaint.

**AFFIRMED**.